**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | CASE NO. 2:22-mj-630 |
| **THE EXTRADITION OF** | ) | |
| **MICHAEL PHILIP ATKINS** | ) | MAGISTRATE JUDGE JOLSON |
| | ) | |
| | ) | **MICHAEL P. ATKINS'S** |
| | ) | **REQUEST FOR DISCOVERY** |
| | ) | |

Now comes Michael P. Atkins, through undersigned counsel, requests the Government's production of the below-listed discoverable material:

1.      Any written or recorded statements made by Atkins, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; the substance of any oral statement which the Government intends to offer in evidence at the trial made by Atkins, whether before or after arrest, in response to interrogation by any person then known to the Atkins to be a Government agent; and recorded testimony of Atkins before a grand jury which relates to each offense charged.

1-A.    In addition to the above, Atkins also requests production of any written, recorded, or oral statement by Atkins to third persons, not Government agents, which is within the possession, custody, or control of the Government or by the exercise of due diligence may become known to the attorney for the Government.

1-B.    The above requests for Atkins's statements include recorded and/or monitored statements of Atkins that were obtained as a result of electronic monitoring and/or recording devices, including but not limited to the following methods: telephone wiretapping done pursuant to authorization from either a state or federal court; telephone wiretapping done without court approval; wired informer(s), and/or wired law enforcement officer(s), and/or agents of law enforcement officer(s); surreptitious monitoring and/or recording by electronic equipment utilized at either federal, state, or municipal law enforcement offices.

2.    Any written, recorded, or oral statements made by co-defendants or coconspirators to law enforcement officers and/or third parties which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

3.    A copy of Atkins's prior criminal record, if any, which is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

4.    All books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, for Atkins's inspection and copying, which are within the possession, custody or control of the Government, and which are material to the preparation of the defense, or are intended for use by the Government as evidence in chief at trial, or were obtained from or belong to Atkins.

4-A.    Specifically, Atkins requests the production of all photographs used by law enforcement officers for the purpose of obtaining an identification of Atkins. This request includes individual photographs and/or photographic arrays used by law enforcement officers during the investigation of this case.

4-B.    Atkins also requests, pursuant to Rule 16 (a) (1) (B), the production of any written or recorded statements made by co-defendants or co-conspirators, or written summaries of any oral statements by co-defendants or co-conspirators, which are within the possession, custody or control of the Government and are material to the preparation of the defense.

5.    For purposes of inspection and copying or photographing, Atkins requests the results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at trial.

Atkins requests that the reports or results include a written description of the methods of testing utilized in obtaining any and all results, and should include but not be limited to examinations and scientific tests pertaining to the following enumerated matters:

5-A.    Polygraph examinations conducted upon potential Government witnesses, giving the date, time, place and identity of the person examined and the examiner, along with the results thereof.

5-B.    The existence of latent fingerprints, procedures utilized in obtaining latent lifts, and conclusions reached concerning identity of individuals based upon this investigation.

5-C.    Tests and procedures utilized in determining identity and quality of any suspected or alleged contraband substance, including drugs or narcotics, scheduled or unscheduled.

5-D.    Results and procedures utilized in any analysis pertaining to handwriting identification.

5-E.    Results and procedures utilized in any analysis pertaining to voice identification.

6.      A written summary of the expert witness testimony describing the witnesses' qualifications, the witnesses' opinions, and the bases and reasons for their opinions. This summary should include all bases of the experts' opinions including any written or oral reports, tests, investigations and opinions of other experts.

7.      The disclosure to counsel for Atkins of any and all evidence known or which may become known to the United States Attorney favorable to Atkins and material to either guilt or punishment. In light of the particularity requirement of United States v. Agurs, 427 U.S. 97 (1976), Atkins's specific requests for favorable information include impeachment matters affecting the Government's witnesses, including but not limited to the following:

7-A.    Prior felony and misdemeanor convictions and/or juvenile adjudications for all witnesses expected to be called by the Government.

7-B.    Specific incidents of misconduct, "bad acts," by all witnesses expected to be called by the Government, whether or not such conduct resulted in a criminal conviction.

7-C.    Disclosure by the Government of any and all consideration it has held out to a witness to encourage that witness' cooperation with the Government. This request includes, but is not limited to: grants or promises of immunity; confirmed or tentative plea bargaining; monetary compensation; assistance in avoiding prosecution in other jurisdictions; omission from being named in an indictment or as an unindicted co-conspirator; any other consideration, regardless of the nature, granted or promised, which contemplates lenience or preferential treatment in exchange for cooperation with the Government.

7-D.    The existence of pending criminal charges, either felony, misdemeanor or juvenile, as well as parole or probation status of any and all witnesses the Government expects to call.

7-E.    The disclosure of the utilization of any line-up or show-up procedures or photographic arrays conducted in the investigation of the case; and the time, date, place, and all participants in these proceedings, as well as the particular law enforcement agency conducting same.

7-F.    The results of any line-up, show-up, or photographic identification proceedings as conducted by law enforcement agencies, as well as all descriptions given by witnesses regarding the identification of Atkins or any other alleged perpetrators.

7-G.    Statements or summaries of statements from Government witnesses and individuals the Government does not intend to call as witnesses, obtained by law enforcement agencies, which include references to Atkins's lack of involvement concerning the commission of the alleged offense.

7-H.    The disclosure of the psychiatric background of all witnesses the Government expects to call at trial.

7-I.    Any and all information tending to or likely to lead to information which would impeach the competency, capacity, or opportunity to observe, remember, recall or narrate of any witness intended to be called to testify by the Government.  Furthermore, Atkins seeks disclosure of any and all information tending to or likely to lead to information tending to impeach the character of any witness intended to be called by the Government for veracity, partiality, prejudice, bias, motive, interest or corruptions.

7-J.    The Court is also requested to order that all Government witnesses be required to maintain notes from interviews conducted during the course of this investigation in order to determine the existence of exculpatory matters that may be subject to production under the mandate of Brady v. Maryland, 373 U.S. 83 (1963).

8.     Names of all individuals the Government intends to call as witnesses at trial.

9.     Names and statements of witnesses whom the Government does not intend to call at trial.

10.    Names of informants (Including but not limited to confidential informants) who participated with law enforcement agencies during the investigation of this case.

11.    Pre-trial production and disclosure by the Government of Jencks Act material.

11-A.   Atkins also requests the Government to require law enforcement officers to preserve all witness statements that can reasonably fall within the ambit of Jencks Act material as set forth in Title 18 U.S.C. Sec. 3500.

11-B.   Atkins requests the Government to require all Government witnesses, including law enforcement officers, to preserve as potential Jencks Act material all notes taken during interviews with potential Government witnesses.

12.    Atkins requests the Government to provide a detailed inventory of all items or things seized by law enforcement officers or their agents from the possession or control of Atkins or from a place where he has a reasonable and legitimate expectation of privacy, with or without his's consent or knowledge, or pursuant to a search warrant or incident to Atkins's arrest.

The foregoing request is based upon Rule 16 of the Federal Rules of Criminal Procedure, as well as the Fifth and Sixth Amendments to the United States Constitution to the extent applicable in extradition proceedings.  Pursuant to the Sixth Circuit's holding in *In re Extradition of Drayer,* 190 F.3d 410 (6th Cir. 1999), this request does not seek any materials that are in the exclusive possession or control of the Republic of Singapore.

Respectfully submitted,

 /s/ Mark G. Kafantaris
Mark G. Kafantaris (#80392)
KAFANTARIS LAW OFFICES
625 City Park Avenue,
Columbus, Ohio 43206
Tel:  (614) 223-1444
Fax:  (614) 300-5123
E-Mail: mark@kafantaris.com


Adam G. Burke (#83184) * Trial Counsel
BURKE, MEIS & ASSOCIATES
625 City Park Avenue, Ste 200A
Columbus, Ohio 43206
Tel:  (614) 280-9122
Fax:  (614) 556-4988
E-Mail: burke142@gmail.com

*Attorneys for Michael P. Atkins*


## CERTIFICATE OF SERVICE

        This is to certify that the foregoing was electronically filed on this 14th day of October, 2022.  Notice of this filing will be sent to counsel for the Assistant United States of America Heather Hill by operation of the Court's  CM/ECF system.  Parties may access this filing through the Court's system.


 /s/ Mark G. Kafantaris
Mark G. Kafantaris (#80392)